IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ENNIS C. PAYNE,

    Petitioner,

v.                                                Civil Action No. 1:04CV118
                                                                         (STAMP)

THOMAS McBRIDE, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

On June 8, 2004, petitioner, Ennis C. Payne ("Payne"), filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2254. The petitioner's motion was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). On September 13, 2004, the respondent filed a motion to dismiss Payne's § 2254 motion as untimely. Payne responded to the motion to dismiss on October 22, 2004.

On April 5, 2005, the magistrate judge entered a report recommending that respondent's motion to dismiss be granted and that Payne's § 2254 motion be denied. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. To date, no objections have been filed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Web v. Califona, 486 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II. Facts

A grand jury for Harrison County indicted the petitioner on charges of aggravated robbery and grand larceny (Case No. 96-F-81-2). Following his indictment, the petitioner entered a plea of guilty to the lesser included offense of malicious wounding, and to grand larceny. In a separate action (Case No. 94-F-156-1), a court had already imposed a sentence of one to ten years for breaking and entering. Accordingly, the Circuit Court of Harrison County imposed a sentence in Case No. 96-F-81-2 of two to ten years for malicious wounding and a sentence of one to ten years for grand larceny, both of which were to run consecutively with the sentence imposed in Case No. 94-F-156-1. The court's final order was entered on December 4, 1996 and the petitioner failed to file an appeal.

III. Discussion

In his § 2254 motion, Payne contends that his guilty plea was involuntary, that his counsel erroneously failed to appeal the petitioner's state conviction, that he unlawfully received consecutive sentences for a single transaction, that his plea bargain was unfulfilled, that he received ineffective assistance of counsel, that questions of actual guilt should have prevented the court from accepting his guilty plea, and that he received a more severe sentence than he had expected.

The respondent moved this Court to dismiss the petitioner's federal habeas petition, arguing that the petitioner failed to file his petition within the applicable period of limitation set forth in 28 U.S.C. § 2244(d). The respondent also included in his motion to dismiss a general denial of the petitioner's assertions.

The magistrate judge found that the petitioner's habeas petition was untimely filed pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year limitation period for all federal habeas corpus petitions. Because the petitioner neither alleged that the Supreme Court had created a newly recognized and retroactive constitutional right affecting his sentence nor presented newly discovered facts, the magistrate judge determined that the statute of limitations began to run on the date on which the petitioner's judgment became final. See 28 U.S.C. § 2244(d)(1); Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir.

3

2000).  The magistrate judge determined that the petitioner's sentence on December 4, 1996 became final on April 4, 1997 when his period for seeking direct review expired.  Thus, the magistrate judge calculated that the petitioner had until April 4, 1998 to file his § 2254 petition.  Recognizing that the petitioner did not file his federal habeas until June 8, 2004, and that he did not file his state habeas until February 15, 2002, the magistrate judge found the petitioner's federal habeas to be untimely.

In addition, the magistrate judge determined that the petitioner's federal habeas could not be salvaged under the principle of equitable tolling.  As the magistrate judge recognized, equitable tolling is appropriate either where a plaintiff is prevented from asserting a claim by some kind of wrongful conduct on the part of the defendant, or where extraordinary circumstances beyond the plaintiff's control have made it impossible to file a timely claim.  See Harris, 209 F.3d at 328-29.  The magistrate judge found that the plaintiff failed to show that there were any circumstances beyond his control that would have made it impossible to file a timely § 2254 petition.[1]  Likewise, no wrongful conduct toward the petitioner by the respondent was alleged.

---

[1] Petitioner argues that he instructed his attorney to file an appeal, but the record shows that the attorney was instructed to file a motion to withdraw the petitioner's guilty plea.

Based on these conclusions, the magistrate judge recommended that the respondent's motion to dismiss be granted, and that Payne's § 2254 motion be denied.

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons stated above, the respondent's motion to dismiss is GRANTED, and the petitioner's § 2254 motion is hereby DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   May 2, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE